May it please the Court, Counsel, Phil Talbert for the United States. In this case, the District Court erred in three ways in suppressing the methamphetamine and other evidence found in the execution of the search warrant on the defendant's house. First, it made an unwarranted inference that the magistrate did not read or at least did not read carefully the affidavit simply because present in the affidavit there was a single drafting mistake. Second, it found no probable cause for the search, even though under the totality of the circumstances there was reason to believe that evidence of drug trafficking and contraband would be found in the defendant's house. And third, it applied the exclusionary rule despite the detective's reasonable reliance on the signed search warrant. Now, first, as to the inference that the District Court made that the magistrate didn't read or at least didn't read carefully the affidavit, there was no testimony or evidence presented to the District Court other than the presence of the error itself in the affidavit that the magistrate failed to read or failed to read carefully the affidavit itself. Looking at the affidavit, it was five pages, single-spaced. The error was at the end. It was not in the probable cause section. And it simply repeated language in the prayer that was repeated from the face of the search warrant. On the face of the search warrant — yes, Your Honor. I was just wondering, is it — it looked as if this had been taken from another affidavit, that they're just — there was sort of a boilerplate and they stuck in the wrong names. And it was. And Detective Lubb, who was the affiant, wrote a declaration that was submitted with the papers that, in fact, this was a cut-and-paste error. He explained that he was using some language from a prior search warrant affidavit. If you do that, I've made cut-and-paste errors myself. But if I read it, I usually — we usually catch them. So wasn't the District Court essentially saying he never read it because he would have caught it? Well, that's exactly what the District Court did say. What the government would argue here is that the type of error, the — that it was an isolated error. It was in language that didn't describe the story of how the probable cause was developed to support the search and the reason why Detective Lubb was searching a search warrant at this point in the investigation. It was in language that repeated language from the face of the search warrant that the magistrate would have already read. That those facts show that the inference that the District Court was making, that the magistrate simply didn't read the entire warrant, was unwarranted. If the affidavit were replete with errors, particularly in the probable cause section, that were obvious on their face, it's something that you would think a normal reader would pick up during the reading and ask questions about. And I think that's what the District Court was concerned about, saying, why didn't anyone catch this? Well, in fact, Detective Lubb didn't catch it when he submitted it to the — as he explained in his declaration, when he submitted it for review by the magistrate. And given the placement and the isolated nature of the error, the government submits this is a — I guess a natural mistake that any reader could make while reading the entire affidavit. And there was simply no evidence put on by the defendant to support the idea that the magistrate failed to read. There are cases, Breckenridge and Decker out of other circuits, where there is actually testimony by the issuing magistrate that the issuing magistrate acknowledges that he or she failed to read the affidavit or failed to read it carefully, or there is a finding by the court based on the magistrate's testimony that the magistrate didn't read. In this case, there was no magistrate testimony. The only evidence in the record on this point is Detective Lubb's declaration stating how the error arose. And, in fact, the government at the Franks — at the end of the Franks hearing proffered that were Detective Lubb to testify, that Detective Lubb would testify that he sat as the magistrate read this. The very rule that magistrates who issue warrants are given deference on review — so it's review for a substantial basis rather than de novo — is in support of the idea that detectives and officers seek warrants, seek official sanction for the searches that they desire to conduct in investigations rather than doing warrantless searches. So the strong preference in the case law is for resort to the warrant process. If any — on review, if any single isolated error, such as this one, can cause a reviewing court to be able to second-guess the magistrate and throw out the rule of deference to the magistrate, it undercuts the very policy behind that rule of encouraging agents to resort to the warrant process. Second, there was probable cause here. Whether or not — whether or not the district court was correct in making this inference that the magistrate didn't read the affidavit, the district court then examined, essentially de novo, whether there was probable cause for the warrant here. Start with the traffic stop. At the traffic stop, the defendant is found crushing shards of crystal methamphetamine into his car floor while he's failing to stop at the officer's emergency lights. The behavior shows knowledge of the methamphetamine. The presence of the methamphetamine, which as much as could be collected, indicated the collected amount was a small amount. So at the very least, the defendant, by the traffic stop, just by the presence of the methamphetamine in his own behavior, was shown to be a user of methamphetamine or a possessor of a user amount of methamphetamine. So the real question was, in addition, were there factors that showed that the defendant was a dealer? Well, let me ask you this. If what goes to the magistrate doesn't contain the affidavit, so that the magistrate doesn't contain a critical question, a critical part of the probable cause finding, it's a typo. And then it's later, and he signs it. And then it's later fixed. They say, oh, this was there. So there was probable cause, and it was really fine, even though the magistrate didn't pass on it. Couldn't have, because the critical part of it was missing. Is that okay? No, I don't believe so. I think the probable cause that supports the warrant has to be in the four corners of the affidavit that the magistrate reads at the time. So if the name of the person for whom the warrant is sought and the probable cause and the facts that describe the probable cause don't match up, which is roughly what happened here, I guess, that's okay. Well, at most, Your Honor, I think what happened here was some extraneous information was included in the affidavit that if excised would not affect the probable cause standpoint. If you took out the name or if you took out the entire sentence containing the name, the probable cause You can't just have a John Doe. You can't ask to search X's house and then have an affidavit that completely describes Y, can you? No, that's true. That's not what happened here? That's not what happened here, because the rest of the affidavit correctly named the defendant and correctly identified his residence. The only mistake that was made was as to naming the person who was in control of vehicles that search authority was sought for. So to the extent the court wanted to excise that portion and exclude the items found in the vehicle, which were very minimal here, then it could have done that, but it didn't do that. And I see my time is coming. I'd like to reserve for rebuttal. Thank you. May it please the Court. Celia McGinnis appearing on behalf of Mr. Noriega, who is present. Your Honor, I don't believe this Court is looking to rule that some parts of an affidavit are less important than other parts of the affidavit. I don't think this Court should be in the business of judging, well, this mistake is okay, that mistake is not okay. But secondarily, the prayer is a very important part of the affidavit. And at the minimum, the Court reviewing it, the superior court judge in this instance, should have looked to see if the warrant matched the affidavit. Thirdly, and I think this is where the district court came down and why the district court's decision was not clearly erroneous, is that if the magistrate didn't catch that error, which is frankly pretty glaring, being coming where it's positioned, then what does that say about the quality of the superior court judge's review of probable cause? And that is why the district court made the determination that the review of probable cause was not entitled to the usual deference. I think that is the crux of the case. There may be another reason he did it. There are some sweetheart deals, and what this judge might be saying is you can't just because there's a request for a warrant issue one, you've got to know a reason for doing it and you've got to read. But doesn't this record leave room for the conclusion that he did read it? He just didn't read it through to completion. But what he read was sufficient to carry the day and the warrant issue. I think that, Your Honor, that would require speculation. Or a reading of it. That he read sufficiently to page 3 and then skipped pages 4 and 5. Oh, no, it wasn't 4 and 5, was it? Well, it certainly was in page 5. All right. And I guess what I'm asking the Court is, does the Court want to be in the position of saying that we will assume that most of it was read and so we won't, so we'll give it deference? Oh, that's not what I'm suggesting. I'm sorry. What I'm asking you is, let's assume you have five-page single space and you read 1, 2, 3, 4, and you think, I'm satisfied. This is enough. The warrant should issue. And you go ahead and issue it. And then you find out later, that was a cutting-paste job. And if you'd read the next page, you'd see near the end, there's some material in there that you don't want in there. Then we look, I think, at you in court, and says, let's draw a line through the stuff that shouldn't be there. Let's draw a line through it. Is there enough in this affidavit to support the issuance of a warrant? If the answer to that is yes, maybe the district court made an error. I think that the district court's decision was not clearly erroneous and that if both the court's suggestion is reasonable and the district court's suggestion is reasonable. That's no suggestion. That's a question for you to tell me why it's not reasonable. They're both reasonable interpretations. And the only question is, what did the district court decide? Then it wasn't a clearly erroneous decision. I think the district court correctly stated anybody who really read it would have gone through and lined out this problem. And so it's evidence that they didn't really read it carefully and that they probably didn't read the whole thing carefully if they missed that part. So that's, I mean, the whole purpose of the warrant requirement is that somebody review what the police say and assert is sufficient for probable cause. Because the district court couldn't rely on the superior court to have done that, then it was its obligation to ensure that there was judicial review of the totality of the warrant. And the court concluded that there was not probable cause. And I would like to address the question of probable cause if this Court has concerns about whether there was sufficient probable cause. Counsel? Yes, Your Honor. Could you address the good faith exception? Yes, Your Honor. Leon specifically states that if the reviewing magistrate has wholly abandoned his or her judicial role, then Leon does not apply. And also, if it was unreasonable for the police to have relied on the affidavit, then Leon does not apply. And I think both of those circumstances are here today, and I think they are intertwined because the decision that the district, that the, the error was originally the police error by mixing and matching affidavits and putting in people who did not belong. And then the judge compounded that error by missing it. Furthermore, the counsel. Yes. But the question is whether or not the judge wholly abandoned his responsibility to review the documents. The district court made a finding that he did not read the affidavit. I would submit to the court that not reading the affidavit is a wholesale abandonment. And, in fact, the Supreme Court said so in Aguilar, that if you. Yes, Your Honor. Did the district court say that the magistrate did not read it or did not read it carefully? His factual finding was that he did not read it. In response later, in response to the prosecutor's argument, he said, well, if he didn't read, if he did read it, he didn't read it carefully. But his actual factual finding in the transcript was that he did not read the affidavit. And what, what evidence supported that finding? That he did not read the affidavit, Your Honor? Is that the question? Yes. Okay. The evidence. The question is, what evidence in the record supported the district court's finding that the state court magistrate failed utterly to read the affidavit? The Superior Court judge missed reading the prayer, which was not an insignificant part of the warrant, is a significant part. And any judge who had. That was at the very end. That was, counsel, that was at the very end. So how does that establish that he didn't read everything that came before the prayer? Well, if the prosecutor had brought the Superior Court judge to the hearing, we would have a better record than we do. But on the record that the district court judge was given, it was a reasonable conclusion for him to make that if he missed a significant piece of the warrant of the affidavit, then he did not read it. Because otherwise, we're in a position of saying we're going to guess that he read all the rest, but not this piece. I don't think that there's another way to look at it. Yes, Your Honor. Does it weaken the argument at all that the district judge was not the first person to review what had been done? No. Well, the first person to review it was. There were a lot of people who saw it, and they could have caught it before it got to the stage that it did, but they didn't. The people that didn't catch it, Your Honor, were the police officer who made the mistake and the Superior Court judge. And then the next person to review it was the district court judge. Right. Right. Am I correct that it may have been a the warrant itself? Is correct. Is that correct? Yes. Yes. That the recitation of facts establishing probable cause, the actual affidavit that talks about the address and what they found there belonging to Noriega, et cetera, et cetera, that's all correct? So far as we know, yes. I mean, it all matches up? Yes. So there's no mistake in any of that? I mean, it may be, there may be factual inaccuracies, but there's no kind of obvious mistake? No. And so the prayer is the only thing that doesn't match up? Yes. Okay. And so if it is clear that the magistrate did not read the prayer, then that supports a finding that did not catch the prayer's mistake, that he didn't read any of it. That's right. We cannot rely on his review in order to give it deference. We can't rely on him. It requires a de novo review. Okay. I have 22 seconds left. Oh, that's my warning time. I'm sorry. I think it's really important that this Court understand that the warrant that the police officer was willing to bring to the superior court, a warrant based on one discredited, stale, confidential informant and the arrest, and that the neighbor coming forward was really only icing on the cake. So the police officer's actions were not objectively reasonable here. And if the Court has questions about the objective reasonableness of a police officer's ---- I don't think so. Your time has expired. Thank you. Thank you. Just briefly, Your Honors, on the reasonable reliance point, the district court, even the district court here who found no probable cause acknowledged at the hearing that the question was a very close one, saying that, I think this is a very close question. If I get reversed, I won't be shocked. Given that, that even the district court who ultimately found against probable cause here recognizes as a close one, given that Detective Love conducted an investigation that he described in his affidavit, all indications in the record are that Detective Love reasonably relied on the issuance of the search warrant. There's nothing to indicate, even if the magistrate didn't read the affidavit carefully as the district court ultimately inferred, there's no indication from the district court that Detective Love was involved. And the suppression remedy is directed at to train police misconduct, not trying to affect the behavior of the magistrates. For these reasons, the government recommends reversal. Thank you, counsel. The case just argued is submitted for decision. The Court will ---- understands that in the next case that there is going to be argument on behalf of James or Jaime Vizcarra, but not Roberto. Is that correct? That's correct, Your Honor. All right. So the Court will take a five-minute recess before hearing that case. All rise.
judges: Schroeder, Farris, Rawlinson